IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06cr169-WKW |
| | ) | WO |
| DARRYL LAMONT BROWN | ) | |

**<u>ORDER ON MOTION</u>**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on March 5, 2007.  There is a rebuttable presumption of detention in this case.[1]

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant – who is charged in the indictment with conspiracy to possess with intent to distribute and distribute 50 grams or more of crack cocaine, 5 kilograms or more of cocaine powder, and a quantity of marijuana; distribution of 99.7 grams of crack cocaine; and distribution of 34.1 grams of cocaine powder – is implicated in an un-prosecuted[2] drug-related shooting in Birmingham.  The victims indicated that a black male named Darryl participated in the incident, along with Shawn Frazier and "Wosky,"and that Darryl carried out the shooting.  According to testimony at the detention hearing, defendant associates and sells drugs with Shawn Frazier and Kowosky Christian (nicknamed "Wosky," and a co-defendant in this case) in Clanton.  Further, a witness told officers that three black males left the scene of the shooting in a white GMC which matches

---

[1] Defendant made a sufficient showing to rebut the presumption in this case.

[2] The victims have so far declined to prosecute.

the description of Brown's vehicle.  The tag on the GMC was a white tag with black lettering; defendant's GMC has a farm tag that is white with black lettering.  In addition, the drug conspiracy charged in the indictment involves 16 defendants, a large quantity of drugs, cash in excess of $2 million, multiple drug transactions, additional shootings and weapons, and the potential for lengthy prison sentences for all defendants.  Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably protect the community and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 8th day of March, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE