IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 2:06cr169-WKW |
| | ) | |
| DARRYL LAMONT BROWN | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a motion for severance filed by defendant Darryl Lamont Brown (Doc. #263), filed May 24, 2007.  For the reasons set out below, the motion is due to be denied.

**Discussion**

Defendant Brown contends that his trial should be severed from that of his fifteen co-defendants.  Under Rule 8(b) of the Federal Rules of Criminal Procedure, "[t]wo or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b).  "'Rule 8(b) is a pleading rule and joinder under Rule 8(b) is to be determined before trial by examining the allegations contained in the indictment."  United States v. Morales, 868 F.2d 1562, 1567 (11th Cir. 1989).  "Joinder of defendants is appropriate where the indictment contains a single conspiracy that has been charged in good faith." United States v. Badia, 827 F.2d 1458, 1466 (11th Cir. 1987); see also United States v. Andrews, 765 F.2d 1491, 1496 (11th Cir. 1985).  No credible evidence or suggestion of bad faith in the government's decision to join Brown

with the other defendants has been presented to the court. Thus, the court concludes that joinder is proper under Rule 8(b).

Severance pursuant to Fed. R. Crim. P. 14 does not appear to the court to be warranted in this case. "'There is a preference in the federal system for joint trials of defendants who are indicted together.'" United States v. Talley, 108 F.3d 277, 279 (11th Cir. 1997). Brown's motion for severance offers nothing more than a conclusory suggestion that there is a serious risk of prejudice to Brown if he is tried jointly with other defendants, without establishing what that prejudice would be. "The burden is on the defendant to 'demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense.'" United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997). "[U]ndocumented, conclusory allegations" are insufficient to meet the defendant's burden and "to overcome [the] strong circuit preference favoring joint trials." United States v. Smith, 918 F.2d 1551, 1561, (1990); see also United States v. Wingate, 997 F.2d 1429, 1431 (11th Cir. 1993) (conclusory allegations insufficient).

To the extent that Brown contends that his defense will be antagonistic to that of the other defendants, the court notes that mutually antagonistic defenses are not prejudicial *per se*. Zafiro v. United States, 506 U.S. 534, 538 (1993). The fact that defendant may have a better chance at acquittal if tried separately does not alone entitle him or her to severance. Id. at 540. In Zafiro, the Court held that when defendants have been joined properly under Rule 8(b), the district court should grant Rule 14 severance only if (1) there exists "a serious

2

risk that a joint trial would compromise a specific trial right of one of the defendants," or (2) a joint trial would "prevent the jury from making a reliable judgment about guilt or innocence." Talley, 108 F.3d at 280 (quoting Zafiro, 506 U.S. at 539); see also United States v. Garcia, 405 F.3d 1260, 1272-73 (11th Cir. 2005). Mutually antagonistic defenses do not justify severance unless "the essence of one defendant's defense [is] contradicted by a co-defendant's defense...." United States v. Cassano, 132 F.3d 646, 652 (11th Cir. 1998) (citation and internal quotation marks omitted). "To warrant severance, defenses must be antagonistic to the point of being irreconcilable or mutually exclusive." Id. (citation and internal quotation marks omitted). In Zafiro, the Court recognized that limiting instructions "often will suffice to cure any risk of prejudice." Talley, 108 F.3d at 280.

In the instant case, Brown does not specifically indicate how his defense is antagonistic to or irreconcilable with that of the other defendants, nor does he establish a serious risk that a joint trial would compromise a specific trial right, or show that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence. "In general, the strong presumption is that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered." United States v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004). The court has no basis on which to conclude that appropriate limiting instructions will not cure any risk of prejudice from a conflict among the defenses offered in a joint trial, if any such conflict occurs. Defendant's request for severance on this ground is without merit.

3

## Conclusion

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant Brown's motion for severance (Doc. # 263) be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to this Recommendation on or before September 24, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of September, 2007.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
UNITED STATES MAGISTRATE JUDGE